BILLINGS and another *against* RATTOON and others.

Notice of the rule to *pass publication* must be served on the defendant's *solicitor*, or his *agent;* and if it is served on the *agent*, the time of service must be *double*, as in other cases, or for *six* weeks.

MOTION, on the part of the defendants, to enlarge *February 26th.* publication, and for leave to examine witnesses, on affidavit of the solicitor for the defendants, and of one of the defendants, that interrogatories on the part of the defendants, with the names of the witnesses, &c., and the time and place of examination were served on the solicitor for the plaintiffs, on the 8th inst.; and that on the 9th inst. he first received notice, that the rule that publication pass had been entered on the 31st of *January* with the register, the rule of three weeks to pass publication having then expired. The affidavit further stated, that neither the solicitor for the defendants, nor the defendants, had seen or read the depositions, or been informed of their contents. That the defendants have several material witnesses to examine, and if due notice of the rules to produce witnesses and pass publication had been entered, they would have been examined.

It appeared further, by an affidavit in opposition to the motion, that the ordinary rule to pass publication in three weeks, under the 20th printed rule of the Court, was entered on the 29th of *December* last; and that a copy of the same was served on the agent for the defendant's solicitor, on the 5th of *January* last.

A question of practice arose whether service of the rule was necessary; and if necessary, whether the rule of the 31st of *January* was not entered prematurely.

*D. Russell*, for the motion.

*S. A. Foote*, contra.

THE CHANCELLOR. When the practice of the *English* Court of Chancery required the rule for publication to be entered, not only in the register's book, but in the book of one of the six clerks, and that the clerk entering the rule should give notice of it to the clerk of the adverse party, (*Beame's Orders, p.* 336. *Newland's Pr.* 143.) the object of the practice was to speed the client, and prevent him from being surprised by unexpectedly closing upon him the opportunity to take testimony. Notice of such an important measure as closing the testimony is as reasonable, if not as necessary, as of any other step taken in the cause; and when notice is given to the solicitor, *through his agent*, the 46th rule of the Court applies, that the time of service must be double. The meaning of the rule is, that publication passes in three weeks (unless enlarged) from the service of notice, or in double that time, if service be on the agent.

The rule to pass publication did not therefore expire in these cases, until six weeks from the 5th of *January;* and the rule that publication be passed, was entered prematurely.

The rule to pass publication, consequently, must be enlarged for three weeks, when publication will pass, without further order; and as the practice appears to have been unsettled, let the costs of the motion abide the event of the suit.

Order accordingly.